[No. 4628.]

J. W. LAIRD ET AL. v. E. C. WATERFORD ET AL.

FORCIBLE ENTRY.—A person who has worked on a mining claim, and run tunnels and sunk shafts on the same for prospecting purposes, but who has ceased work and has not occupied the same for several months, cannot maintain an action of forcible detainer against one who enters upon the same.

FORCIBLE DETAINER.—One who peaceably enters upon a mining claim which had been worked for prospecting purposes by another, but on which said other had not worked for several months, and which he had not occupied for the same length of time, is not guilty of a forcible entry, and the mere fact that the one who makes such entry does not deliver possession to the other upon demand, does not make him guilty of a forcible detainer.

APPEAL from the County Court of the County of Stanislaus.

The complaint contained three counts: one for an unlawful entry upon a tract of mining claims, and a refusal to deliver possession of the same after demand; another for a forcible entry on the claims, and unlawfully keeping possession of the same; and a third for keeping possession of the claims with a strong hand, and by menaces and threats of violence.

The evidence on behalf of the plaintiffs tended to show that, in 1863, the plaintiffs commenced running tunnels for prospecting purposes, in a spur of Red Mountain, in the gold regions in Stanislaus County, and built a log cabin near by, which they occupied while at work. That the

plaintiffs continued prospecting, at different times, till about November, 1873, when they ceased work, and did not again occupy the claim or cabin, although their tools remained in the cabin. The defendants, in May, 1874, entered upon and claimed a portion of the ground upon which the plaintiffs had prospected, and also repaired and occupied the plaintiffs' cabin. Prior to the entry of the defendants, the plaintiffs had not marked off or designated by boundaries the ground claimed by them. The plaintiffs, in October, 1874, caused a survey to be made of about six hundred acres, including the ground claimed by the defendants. The land was public land. More than five days before the commencement of this action, the plaintiffs served on the defendants a written demand for the surrender of the tract described in the complaint, but the defendants failed to comply with the demand. The action was commenced on the 5th day of November, 1874. When the plaintiffs rested, the defendants moved the court for a nonsuit, on the following grounds:

1. That there is no evidence showing that the plaintiffs, or any of them, were in the actual, peaceable or exclusive possession of any of the land mentioned and described in the complaint, at the time defendants entered thereon.

2. There is no evidence tending to show any forcible or unlawful entry, or any forcible or unlawful detainer.

The court denied the motion, and the defendants excepted.

The plaintiffs obtained a verdict and judgment. The defendants appealed from the judgment and from an order denying a new trial.

*H. F. Crane,* for the Appellants.

*J. J. Scrivner and H. A. Gehr,* for the Respondents.

By the COURT:

The motion of defendants for a nonsuit ought to have been granted. The plaintiffs failed to prove such a possession of the demanded premises as entitled them to maintain

the action, under the second subdivision of section 1160 of the Code of Civil Procedure, and there was no proof of a forcible entry or detainer.

Judgment and order reversed, and cause remanded with an order to the court below to dismiss the action.